**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ESMAT ZAKLAMA, in his individual capacity and as an assignee of ZAKLAMA'S IRREVOCABLE TRUST,** <br><br>    Plaintiff, <br><br> v. <br><br> **FRANK M. LEANZA, JAMES CAVIELLO, TOWNSHIP OF GUTTENBERG, Mayor, Police Department, ANTHONY CASPER, ROBERT ROGERS, JR., and DOES 1-50, Inclusive,** <br><br>    Defendants. | 03-CV-3610 (WJM) <br><br> OPINION |

Esmat Zaklama, M.D.
2734 Kennedy Blvd.
Jersey City, New Jersey 07306
*Pro Se Plaintiff*

Steven R. Tombalakian
Podvey, Meanor, Catenacci,
  Hildner, Cocoziello & Chattman, P.C.
One Riverfront Plaza
Newark, New Jersey 07102
*Attorney for Defendants Town of Guttenburg,
  Mayor and Police Department*

Michael W. Cartelli
McDermott & McGee, L.L.P.
75 Main Street, P.O. Box 192
Millburn, New Jersey 07041
*Attorney for Defendant James Caviello*

1

Patrick P. Toscano, Jr.
Picillo, Caruso, O'Toole, P.C.
371 Franklin Avenue, P.O. Box 510
Nutley, New Jersey 07110
*Attorney for Defendant Anthony Casper*

Christine M. Vanek
Scarinci & Hollenbeck, L.L.C.
1100 Valley Brook Avenue, P.O. Box 790
Lyndhurst, New Jersey 07071
*Attorney for Defendant Robert Rodgers, Jr.*

Mark J. Semeraro
Foster & Mazzie, L.L.C.
10 Furler Street, P.O. Box 209
Totowa, New Jersey 07512
*Attorney for Defendant Frank M. Leanza*

**MARTINI, U.S.D.J.:**

## BACKGROUND

On April 18, 2005, this Court dismissed on summary judgment a civil rights action brought by *pro se* plaintiff Dr. Esmat Zaklama against defendants Frank Leanza, *et. al* (the "Defendants"). Defendants timely moved for attorneys' fees pursuant to 42 U.S.C. § 1988(b), and this Court granted Defendants' request. Dr. Zaklama did not object. On May 9, 2005, Defendants supplied to this Court a joint fee application and affidavits identifying the attorneys who billed in this matter, their prior work experience, customary billing rate, and the lower rate set by the fee agreement they entered into with the New Jersey Intergovernmental Insurance Fund, who retained those attorneys to represent the named Defendants.

The five firms involved in defending this litigation requested $64,634.10 in fees and $12,198.51 in expenses, for a total of $76,832.61. Without copies of the attorneys' actual invoices, the Court was unable to gauge the reasonableness of the amounts requested. To that

2

end, the Court requested, and the Defendants provided, copies of their invoices documenting their fees and expenses.

## DISCUSSION

The Court has found that Dr. Zaklama's action was frivolous. That finding, when combined with the fact that Dr. Zaklama has filed other meritless lawsuits, entitles Defendants to recover their reasonable attorneys' fees under 42 U.S.C. § 1988. *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 416-17, 421 (1978) (prevailing defendant entitled to reasonable attorney's fees upon a finding that plaintiff's action was frivolous). This Court uses the "loadstar" formula in determining reasonable attorneys' fees. *In re Computron Software, Inc.*, 6 F. Supp. 2d 313, 321 (D.N.J. 1998). The lodestar formula involves calculating the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). However, the ultimate amount of the award of reasonable attorneys' fees and expenses is controlled by the Court, and is within its sound discretion. *In re Gen. Motors Corp.*, 55 F.3d 783, 821 (3d Cir. 1995) (citations omitted). Determining an appropriate award is not an exact science, and the facts of each individual case drive the amount of any award. *In re Computron*, 6 F. Supp. 2d at 321.

In civil rights cases, the reasonable hourly rate is the prevailing market rate in the relevant community for similar work, given the attorney's experience, reputation, and ability. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). To determine the number of hours reasonably spent on the litigation, the prevailing party's fee application should document "some fairly definite information as to the hours devoted to various general activities." *Pawlak v. Greenawalt*, 713 F.2d 972, 978 (3d Cir. 1983) (quoting *Lindy Bros. Builders, Inc. of Phila. v. American Radiator*

*& Standard Sanitary Corp.*, 487 F.2d 161, 167 (3d Cir. 1973)). "Where documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433.

The Court finds that the hourly billing rate of $125 charged by Steven R. Tombalakian, Christine M. Vanek,[1] Michael W. Cartelli, and Patrick P. Toscano, Jr., is reasonable. The Court also finds that the hourly billing rate of $145 charged by Robert L. Podvey, Andrew L. Indeck, Frank P. Leanza, and Mark J. Semeraro is reasonable. The Court makes its determination based on the submitted affidavits that document the experience and customary billing rates of these attorneys. Because their actual billing rates set by the fee agreement are far below their customary billing rates, the Court finds the fee agreement rates reasonable.

The Court notes that Defendants have chosen to forgo fees for persons whose names and/or initials appear in the billing invoices but who are not identified in the affidavits. For these individuals, the Court cannot determine whether the rates charged are reasonable because the Court lacks the necessary information to make that determination.[2]

With regard to determining the reasonable number of hours spent on the litigation, this Court finds that the time spent vacating the default judgments issued against the Defendants is not compensable. That work should have been avoided by filing a timely response to plaintiff's

---

[1] Christine M. Vanek's affidavit identifies $145 per hour as the billing rate set by the fee agreement, but the submitted invoices reflect an hourly billing rate of $125. This Court accepts $125 per hour as the appropriate rate and relies on the invoices to calculate the loadstar.

[2] Accordingly, the Court reduces 75.2 hours from Scarinci & Hollenbeck for a total of $8,007.50, reduces 6.1 hours from McDermott & McGee for a total of $884.50, and reduces 58.8 hours from Picillo, Caruso, O'Toole for a total of $7,350. The combined total that must be excised is $16,242.

Complaint.[3]  The Court also finds that the invoices fail to adequately document the amount of time spent on preparing the summary judgment motion, and reduces the number of hours accordingly.[4]  After making these adjustments, the loadstar calculation for reasonable services is $42,292.85.

In its fee application, counsel also requested reimbursement for expenses associated with the litigation totaling $12,198.51.  In civil rights litigation, reasonable expenses are recoverable, if accompanied by adequate explanations of the costs.  *P. Mastrippolito & Sons, Inc. v. Joseph*, 692 F.2d 1384, 1388 (3d Cir. 1982).

This Court finds that the invoices submitted by Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman and by Scarinci & Hollenbeck fail to adequately document the connection between the charges listed on the invoices and the present litigation.[5]  The generic

---

[3] Accordingly, this Court revises downward Steven R. Tombalakian's hours by 4.7 for a total of $587.50, Andrew L. Indeck's hours by .6 for a total of $87, Christine M. Vanek's hours by 1.5 for a total of $187.50, and Mark J. Semeraro's hours by 2.8 for a total of $406.  The combined total of the amount to be reduced is $1,268.

[4] More specifically, entries from Steven R. Tombalakian, spanning from January 10, 2005 to February 28, 2005, regarding time allocated to the summary judgment motion and its revision, do not adequately document how 73.7 hours were spent.  While the invoices contain a daily tally of the amount of time spent on the summary judgment motion and its revision, the logged entries fail to describe in almost any detail the large blocks of time devoted to these two tasks.  To the extent detail is provided, some entries suggest time was billed for formatting documents for electronic submission.  That time, however, was inappropriately billed at the attorney's hourly rate.  Due to the vague descriptions used by counsel, this Court cannot ascertain if the total figure was reasonable or not, and so applies a multiplier of .5 to the number of hours reported to reduce the total hours to 36.85.  The Court finds this number is reasonable, given the number of counts in Dr. Zaklama's complaint.  In addition, the Court finds that 1.8 hours listed on March 3, 2005, pertain to an unrelated matter.  The total amount reduced is $4,831.25.

[5] Podvey, Meanor, *et. al*, seeks $2,518.84 in expenses, and Scarinci & Hollenback, seeks $8,922.44 in expenses, for a total of $11,441.28.

entries for photocopying, legal research, and messenger services do not break-out the reasons for the charges nor adequately explain how they relate to the present case.  Accordingly, this Court applies a multiplier of .5 to the requested reimbursement amounts for these two firms to reduce the amount of expenses to $5,720.64, and approves a total recovery for expenses of $6,477.87.  When combined with the basic lodestar amount for services, the total amount of reasonable attorneys' fees is $48,770.72.[6]

Having calculated the total amount, this Court must now consider whether it should be adjusted "so as to further the 'important substantive purposes' of the Civil Rights Act . . . and to assure that the final fee award is reasonable."  *Hughes v. Repko*, 578 F.2d 483, 492 (3d. Cir. 1978) (internal citations omitted).  Moreover, the Court "retains the discretion to deny or reduce fee requests after considering all the nuances of a particular case."  *Tang v. State of R.I., Dep't of Elderly Affairs*, 163 F.3d 7, 15 (1st Cir. 1998); *see Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1230 (6th Cir. 1989) (not an abuse of discretion for a district court to award a fraction of the actual and reasonable fees requested).

The Supreme Court in *Christianburg Garment Co. v. EEOC*, *supra*, pointed out that the purpose of awarding fees to prevailing defendants under 42 U.S.C. § 1988 was "to deter the bringing of lawsuits without foundation" and "to discourage frivolous suits."  *Christianburg*, 434 U.S. at 420.  In furthering this purpose, this Court may take into consideration plaintiff's *pro se* status.  *See Baasch v. Reyer*, 846 F. Supp. 9, 11 (E.D.N.Y. 1994) (reducing a reasonable attorney's fee award of $44,420.33 to $1,000 in light of plaintiff's *pro se* status and financial

---

[6] Of this total amount, the percentage attributable to each firm is as follows: 48.72% Scarinci & Hollenbeck, 29.93% Podvey, Meanor, *et. al*, 14.58% McDermott & McGee, 4.43% Foster & Mazzie, 2.34% Picillo, Caruso, O'Toole.

condition); *Wilson v. Continental Mfg. Co.*, 599 F. Supp. 284, 288 (E.D. Mo. 1984) (reducing award against *pro se* plaintiff to align with deterrent purpose of 42 U.S.C. § 1988). However, neither a plaintiff's *pro se* status nor his financial condition should preclude an award of attorney's fees and costs once a plaintiff is found to have brought a frivolous suit. *See Hughes v. Rowe*, 449 U.S. 5, 14-16 (1980).

      This is the second frivolous lawsuit Dr. Zaklama has brought before this Court. It is predicated on the same claims as the previous lawsuit and is against many of the same defendants involving the same piece of property and its violation of building codes. In granting the Defendants' motion for attorneys' fees, this Court explained that Dr. Zaklama's repeated abuse of the court system was what justified the sanction. The Court observed that Dr. Zaklama is a serial filer of *pro se* civil suits. In addition to the two suits he filed before this Court, the Court is aware of at least four other actions involving similar claims in this district. Notably, in one of those actions, Dr. Zaklama was sanctioned for filing baseless civil rights claims with no evidentiary support. *See Zaklama's Irrevocable Trust v. Township of Weehawkin*, No. 02-4171 (D.N.J. Nov. 18, 2004) (Greenaway, Jr.) at 3 (imposing a monetary sanction of $7,500 against Dr. Zaklama under Rule 11).

      In light of the deterrent purposes of an award under 42 U.S.C § 1998, this Court notes that $7,500 was clearly not enough to deter Dr. Zaklama from filing or continuing to prosecute other frivolous lawsuits. The loadstar amount, however, exceeds what this Court believes is necessary to deter Dr. Zaklama in the future. Thus, this Court, in exercising its discretion, reduces the award to $20,000, and is confident that this amount balances consideration of Dr.

Zaklama's *pro se* status against the need to send a strong message that such abuse of the court system will not be tolerated.

## CONCLUSION

For the aforementioned reasons, Dr. Zaklama shall pay to Defendants their reasonable attorneys' fees and costs in the amount of $20,000.


**Dated:** July 13, 2005                                s/ William J. Martini                    
                                                        **William J. Martini, U.S.D.J.**