

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
   **JUDGE**

## LETTER OPINION

July 10, 2006

Esmat Zaklama
2734 Kennedy Blvd.
Jersey City, New Jersey 07306
*Pro Se*

Frank P. Leanza , Esq.
McDermott & McGee, L.L.P.
75 Main Street
Milburn, NJ 07041
*Attorneys for Defendant James Caviello, Esq.*

>       Re:   Zaklama v. Frank Leanza, et al.,
>             Civil Action No. 03-3610 (WJM)

Dear Litigants:

This matter comes before this Court on Defendant James Caviello's Motion to Enter Judgment and Hold Plaintiff in Contempt for violating this Court's July 13, 2005 Order and failing to pay $20,000 in attorney's fees pursuant to the Order.  Plaintiff Esmat Zaklama does not oppose this motion.  The Court resolves this matter on the papers.  Fed. R. Civ. P. 78.  For the reasons detailed in this Letter-Opinion and accompanying Order, Plaintiff's motion is **GRANTED.**

**BACKGROUND**

The background to this litigation was outlined in detail in this Court's April 18, 2005 Letter Opinion, and repeating those details is unnecessary.  By the April 18, 2005 Letter Opinion and accompanying Order, the Court dismissed on summary judgment a civil rights action brought

by *pro se* plaintiff Dr. Esmat Zaklama against defendants Frank Leanza, *et. al*. Defendants timely moved for attorneys' fees pursuant to 42 U.S.C. § 1988(b), and this Court granted Defendants' request; Dr. Zaklama did not object. On May 9, 2005, Defendants supplied to this Court a joint fee application and affidavits identifying the attorneys who billed in this matter, their prior work experience, customary billing rate, and the lower rate set by the fee agreement they entered into with the New Jersey Intergovernmental Insurance Fund, who retained those attorneys to represent the named Defendants.

In the Court's July 13, 2005 Opinion and accompanying Order (the "Order"), the Court discussed the frivolous nature of this lawsuit, and other filed by Mr. Zaklama, and determined that the deterrent purposes of § 1988(b) would best be served by assessing Zakalama fees in excess of the $7500 he had recently been sanctioned in a different litigation before Judge Greenaway. To that end, the Court assessed him fees and costs of $20,000, reduced from the $49,770.72 that the Court determined would have been reasonable. The accompanying Order gave Zaklama sixty (60) days from entry of the July 13, 2006 Order to remit payment to Defendants as outlined in the Order.

Zaklama moved on September 12, 2005 to vacate the Order as incorrect under Rule 11; the Court's Letter Order of September 14, 2005 denied his motion because it was unsigned in contravention of Fed R. Civ. P. 11(a). Furthermore, Plaintiff's motion improperly asserted that the Court had sanctioned him under Rule 11 when the Court had actually acted under § 1988(b).

Apparently, the deterrent effect of the Order was insufficient because Plaintiff failed to ever remit payment pursuant to the Order, and this matter is now before the Court on Defendant's March 6, 2006 Motion to Enter Judgment and Hold Plaintiff in Contempt. Although this motion is unopposed, the Plaintiff moved out of time on May 9, 2006 for an extension, and such extension was denied by the Court's Letter Order dated May 19, 2006.

**DISCUSSION**

The rule in the Third Circuit is that a party is liable for civil contempt where (1) a valid court order existed, (2) defendant had knowledge of the order, and (3) defendant disobeyed the order. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1326 (3d Cir.1995). Extraordinary reasons, such as fraud or impossibility may excuse failure to obey a court judgment or order. *Harley-Davidson, Inc. v. Morris*, 19 F.3d 142, 146 (3d Cir.1994).

It is clear from Zaklama's September 12, 2005 Motion to Vacate that he was aware of the Order and his obligation to pay $20,000 in fees pursuant to the Order. Likewise, he has not paid the fees in compliance with the Order. Moreover, as outlined in the Court's May 19, 2006 Letter Opinion, Zaklama's failure to even respond to this contempt motion, other than his untimely request for extension to file a response, shows continued contempt for the legal process and the decisions of this Court; and there do not appear to be any extraordinary circumstances excusing

Plaintiff's contempt. To that end, the Court must consider further action to coerce him to comply with the July 13, 2005 Order.

Sanctions for civil contempt serve two purposes: to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience. If the purpose is compensatory, it takes the form of *actual damages* to be paid to the aggrieved party; if the fine sought is coercive in nature (and, thus, paid to the court), the court bases any fine upon the character and magnitude of the harm threatened by continued disobedience and the probable effectiveness of any suggested sanction in bringing about the result desired. *See United States v. United Mine Workers of America,* 330 U.S. 258, 303-04 (1947); *United States v. Ciampitti*, 669 F. Supp. 684, 697 (D.N.J. 1987). A fine that would be payable to the court remains remedial (as opposed to punitive) when the defendant can avoid paying the fine simply by performing the affirmative act required by the court's order. *See Hicks on Behalf of Feiock v. Feiock*, 485 U.S. 624, 632 (1988).

Clearly, the Order's $20,000 fee assessment was insufficient to gain Zaklama's compliance or respect. Zaklama has failed to abide by this Court's Orders and continues to file incorrect, frivolous and late motions. Moreover, his intransigence has caused Defendants unnecessary expense as evidenced by the filing of this motion. Therefore, the Court feels that further sanctions are necessary to obtain Plaintiff's compliance with the Order. To that end, the Court will sanction Plaintiff $5000 for his non-compliance, such sanction only becoming due if Plaintiff fails to make all other payments as per the accompanying Order within ten (10) business days. Moreover, the Court will assess Plaintiff an additional $667.00 for costs related to this motion payable to McDermott & McGee, L.L.P.

**CONCLUSION**

In conclusion, Defendant's motion is **GRANTED**, **JUDGMENT IS ENTERED** against Plaintiff for $20,667 representing the $20,000 in fees outlined in the Order plus an additional $667.00 for costs related to this motion, Plaintiff is **HELD IN CONTEMPT** for violating the Order, and **SANCTIONED** $5000 payable to the Court if Plaintiff fails to pay the $20,667 judgment outlined in the accompanying order within ten (10) business days.

An appropriate Order accompanies this Letter Opinion.

s/ William J. Martini
**William J. Martini, U.S.D.J.**

cc:   The Hon. Ronald J. Hedges, U.S.M.J.