

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

# LETTER OPINION

September 11, 2006

Esmat Zaklama
2734 Kennedy Blvd.
Jersey City, New Jersey 07306
*Pro Se*

Frank P. Leanza , Esq.
McDermott & McGee, L.L.P.
75 Main Street
Milburn, NJ 07041
*Attorneys for Defendant James Caviello, Esq.*

Mark J. Semeraro, Esq.
Foster & Mazzie
10 Furlier Street
P.O. Box 209
Totowa, NJ 07511
*Attorenys for Defendant Frank Leanza*

      **Re:**    **Zaklama v. Frank Leanza, et al.,**
              **Civil Action No. 03-3610 (WJM)**

Dear Litigants:

      This matter comes before the Court on *pro se* Plaintiff's motion for reconsideration. Defendants oppose the motion. The Court adjudicates this matter on the papers. Fed. R. Civ. P. 78. For the reasons stated below, Plaintiff's motion is **DENIED**, and his $5000 sanction for contempt is hereby **WAIVED**.

**BACKGROUND**

The background to this case was outlined extensively in this Court's July 10, 2006 and April 18, 2005 opinions and the Court declines to repeat it here. Plaintiff now prays the Court reconsider its July 17, 2006 Order and Judgment[1] holding him in contempt and ordering that he pay $20,000 to Defendants as per the Court's July 13, 2005 Order and $667.00 for costs to the firm of McDermott & McGee, L.L.P. Plaintiff was also sanctioned $5000 payable to the Court; this last sanction was to be waived were Plaintiff to make all other payments under the Order and Judgment within ten business days.

**DISCUSSION**

**A.  Plaintiff's Motion for Reconsideration is without Merit**

As this Court held recently, "a motion for reconsideration is an extraordinary remedy to be granted 'very sparingly.'" *In re Lord Abbott Mut. Funds Fee Litig.*, 417 F.Supp. 2d 624, 627 (D.N.J. 2005). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)(internal citation omitted.) In other words, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. D.N.J. L. Civ. R. 7.1(i). When a matter was considered by the Court, it was not "overlooked." *P. Schoenfeld Asset Mgmt. LLC v. Cendent Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

Having carefully examined all of Plaintiff's pleadings on this motion, the Court finds that Plaintiff cites neither new evidence nor a change in law related to the July 17, 2006 Order and Judgment from which he seeks reconsideration; nor does he contend that the Court committed any manifest errors of law or fact. Rather, he argues that he simply does not have the money to pay the judgment. Plaintiff's inability to pay, however unfortunate, does not present grounds for reconsideration.

Plaintiff does, however, make numerous allegations of error as to the Court's April 18, 2005 grant of summary judgment. Regardless of any merit, these arguments are clearly untimely. A motion for reconsideration must be filed within 10 business days after entry of the order on the original motion. Fed. R. Civ. P. 59(e). ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.") *See also* D.N.J. L. Civ. R. 7.1(i). ("A motion for reconsideration shall be served and filed within 10 business days after the entry of the order or

---

[1] Although internally dated July, 10, 2006, the Order and Judgment was filed on July 17, 2006; the Court will reference only the filing date.

judgment on the original motion by the Judge or Magistrate Judge.")  The July 17, 2006 Order and Judgment solely addressed Plaintiffs contempt and failure to comply with the Court's July 13, 2005 Order.  Therefore, only those issues are now open for reconsideration through the pendant motion.  Zaklama filed this motion on July 31, 2006, more than 15 months too late to ask the Court to reconsider the April 18, 2005 Order.  The proper time for Plaintiff to have voiced his concerns as to the April 18, 2005 Order would have been within ten days of that order, and not as part of this motion to reconsider the July 17, 2006 Order and Judgment.

### B.      The $5000 Contempt Sanction is WAIVED

As part of the July 17, 2006 Order and Judgment holding Plaintiff in contempt, and in an attempt to secure Plaintiff's compliance, the Court sanctioned Plaintiff $5000 payable to the Court, such sanction waived if Plaintiff made all other payments pursuant to the Order and Judgment within ten business days of entry.  By the Court's calculations, Plaintiff then had until July 31, 2006 to comply so as to avoid sanction.  Plaintiff's present motion for reconsider was filed on July 31, 2006 (and post-marked July 29, 2006) within the allotted ten business days.  In light of his apparent readiness to now comply with Court procedures and time requirements, and cognizant of his claims of financial hardship, the Court at this time will waive payment of the $5000 sanction.  Plaintiff should be aware, however, that such waiver in no way excuses him from complying with all other obligations and payments outlined in this Court's previous orders or from otherwise satisfying the July 17, 2006 judgment.

### CONCLUSION

In summary, Plaintiff's motion for reconsideration is without merit and is therefore **DENIED**.  However, for the reasons outlined in this letter opinion, the $5000 contempt sanction in the Court's July 17, 2006 Order and Judgment is **WAIVED**.

An appropriate Order accompanies this Letter Opinion.

s/William J. Martini

**William J. Martini, U.S.D.J.**

.